# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LORYAN KOHNWAY, | : | Civil No. 3:18-cv-1089 |
| Petitioner | : | (Judge Mariani) |
| v. | : | |
| WARDEN CLAIR DOLL, | : | |
| Respondent | : | |

## **MEMORANDUM**

### I. **Background**

On May 24, 2018, Petitioner, Loryan Kohnway, a native and citizen of Liberia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his continued detention by the United States Immigration and Customs Enforcement ("ICE"). (Doc. 1). At the time his petition was filed, Petitioner was detained at the York County Prison, in York, Pennsylvania. (*Id.*).

On August 5, 2019, Respondent filed a suggestion of mootness stating that Petitioner was released from the United States on July 16, 2019. (Doc. 8). Respondent argues that the habeas petition is therefore moot. (*Id.*). For the reasons set forth below, the Court will dismiss the habeas petition as moot.

### II. **Discussion**

Article III of the Constitution dictates that a federal court may adjudicate "only actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477

(1990); *Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009). "[A] petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition." *Diaz-Cabrera v. Sabol*, 2011 U.S. Dist. LEXIS 124195, *3 (M.D. Pa. 2011) (quoting *Lane v. Williams*, 455 U.S. 624, 631 (1982)). Thus, when a petitioner, who challenges only his ICE detention pending removal and not the validity of the removal order itself, is deported, the petition becomes moot because the petitioner has achieved the relief sought. *See Tahic v. Holder*, 2011 U.S. Dist. LEXIS 49782, *3-4 (M.D. Pa. 2011); *Nguijol v. Mukasey*, 2008 U.S. Dist. LEXIS 95464, *1-2 (M.D. Pa. 2008) (dismissing the habeas petition as moot).

In the present case, the habeas petition challenges Petitioner's continued detention pending removal. (*See* Doc. 1). Because Petitioner has since been released from ICE custody and removed from the United States, the petition no longer presents an existing case or controversy. *See Sanchez v. AG*, 146 F. App'x 547, 549 (3d Cir. 2005) (holding that the habeas petition challenging the petitioner's continued detention by ICE was rendered moot once the petitioner was released); *Diaz-Cabrera*, 2011 U.S. Dist. LEXIS 124195 at *2-4. Accordingly, the instant habeas corpus petition will be dismissed as moot. *See Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested

relief, the case must be dismissed as moot.")).

A separate Order shall issue.

Date: August 5, 2019

Robert D. Mariani
United States District Judge